UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID EUGENE RICKETTS,

Petitioner,

v.

FRED BOWERS, Warden,

Respondent.

Civil Action No. 1:26-cv-13663-JCB

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

October 6, 2026

Boal, M.J.

Pro se petitioner David Eugene Ricketts, an inmate serving a federal sentence at FMC Devens, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court ordered the Respondent to file a status report regarding Rickett's allegations. [Doc. No. 3]. The Court informed Ricketts that if he wished to prosecute this action, he must either pay the $5.00 filing fee or file an application to proceed in district court without prepaying fees or costs accompanied by a certified prison account statement. Id. Ricketts was informed that failure to do so within twenty-one days may result in dismissal of this action by a District Judge. Id.

The Respondent filed a status report [Doc. No. 12], as well as an updated status report and opposition to the habeas petition [Doc. No. 13]. The Respondent argues that the petition is moot because the challenged incident was expunged from Ricketts' disciplinary record as of September 11, 2026 and he was returned to an open unit on August 20, 2026. Id. at 2; Docket No. 12 at 4.

Ricketts filed a reply [Doc. No. 14] asking the Court to "find the respondents liable for violations of Mr. Ricketts due process and Eighth Amendment violations in reference to the alleged facts." Id. at 3. The Court notes that Ricketts has not complied with the Court's earlier order either to pay the $5.00 filing fee or file an application to proceed in district court without prepaying fees or costs accompanied by a certified prison account statement. Rather than offer a refutation of the assertions of the Respondent, Ricketts appears to assert Eighth Amendment and due process claims based on the conditions of his confinement while he was held in punitive segregation during the disciplinary investigation. However, Ricketts cannot bring such claims in his § 2241 petition. Rather, such claims should ordinarily be brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Claims in which prisoners allege constitutional violations are civil rights actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006). As a general matter, § 2241 is the vehicle for challenging the fact of confinement and a civil rights action under § 1983 is the vehicle for seeking damages and other relief for unconstitutional conditions of confinement.

The difference between habeas and non-habeas actions goes beyond mere labels. For prisoners such as Ricketts, one notable difference is the filing fee. The filing fee for a habeas petition is $5.00, while the filing fee for a non-habeas action is $405 (which includes a $55 administrative fee). Where a prisoner is granted indigent status, often referred to as "*in forma pauperis*" status, the filing fee is not completely waived. Instead, the $55 administrative fee is waived and the prisoner is allowed to proceed without prepayment of the remaining $350 of the filing fee. He is still required to pay the $350 filing fee, albeit over time and generally in small increments. See 28 U.S.C. § 1915(b). The obligation to complete payment of the fee continues

regardless of when the action is dismissed. Further, a prisoner who has incurred three "strikes"—the dismissal of three non-habeas civil actions on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted—cannot proceed *in forma pauperis* in subsequent non-habeas civil actions unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(e)(2).

Habeas petitions and civil complaints are served in different manners. A habeas petition is served by the Clerk of the Court. In a non-habeas civil action, the plaintiff bears the burden of serving the summons and complaint upon the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Although the United States Marshals Service is required to complete service for plaintiffs who are permitted to proceed *in forma pauperis*, the plaintiff must still provide the USMS with all papers to be served and instructions for service.

If Ricketts wishes to proceed with constitutional claims, he may initiate a new civil action by filing a complaint with a motion for leave to proceed *in forma pauperis* accompanied by a copy of his prison account statement. This Court expresses no view on the merits of such claims.

Based on the foregoing, this action should be dismissed as moot. Therefore, this case is returned to the Clerk's Office for reassignment to a district judge for further proceedings.

I recommend that the district judge to whom this action is reassigned dismiss this action.

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v Frank, 943 F.2d 343 (1st Cir. 1993).

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge